# EXHIBIT "A"

 CT Corporation

**Service of Process Transmittal**
04/04/2022
CT Log Number 541343380

TO:     CATHY SCHUDA
        Target Corporation
        1000 NICOLLET MALL, MS: TPS-3155
        MINNEAPOLIS, MN 55403-2542

RE:     **Process Served in Georgia**

FOR:    Target Corporation  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: DORIS MUNIZ and ANGEL MUNIZ // To: Target Corporation |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 22C01913S2 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/04/2022 at 14:46 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/04/2022, Expected Purge Date: 04/09/2022<br><br>Image SOP<br><br>Email Notification,  Non Employee Litigation Target  gl.legal@target.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>289 S. Culver St.<br>Lawrenceville, GA 30046<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-01913-S2
3/31/2022 8:31 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**Doris Muniz & Angel Muniz**

_____

_____

PLAINTIFF

CIVIL ACTION
NUMBER: 22-C-01913-S2
_____

VS.

**Target Corporation & John Doe**

_____

_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** _Target Corporation_

    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Bill Buchanan, LLC
Attorney At Law
P.O. Box 5581
Columbus, Georgia 31906

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

1st day of April, 2022

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-01913-S2
3/31/2022 8:31 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

DORIS MUNIZ & ANGEL MUNIZ,   *
                             *
   Plaintiffs,               *
                             *
                             *           22-C-01913-S2
v.                           *   Civil Action File No. _____
                             *
TARGET CORPORATION;  and     *
JOHN DOE, whose true name is *
currently unknown to Plaintiffs, *
                             *
                             *
Defendants.                  *

<u>COMPLAINT WITH TRIAL BY JURY DEMAND (12)</u>

COME NOW DORIS MUNIZ & ANGEL MUNIZ, Plaintiffs in the above-captioned

action, and file this Complaint against TARGET CORPORATION and JOHN DOE, Defendants,

showing to the Court the following: whose true name(s) are unknown to Plaintiffs at this time,

1.

Defendant TARGET CORPORATION (hereinafter "Defendant," or "Target"), is a foreign

corporation authorized to transact business in the State of Georgia, with a Target store located at

2195 GA-20, Conyers, Rockdale County, Georgia 30013. Defendant's Principal Place of Business

is located at 100 Nicollet Mall, Minneapolis, MN 55403.

2.

Defendant TARGET CORPORATION's registered agent for service of process is CT

Corporation System, and Defendant can be served at 289 S. Culver Street, Lawrenceville,

Gwinnett County, Georgia 30046-4805.

3.

Defendant JOHN DOE is an individual whose tortious acts and/or omissions may have caused

1

and/or contributed to the injuries complained of in this Complaint. However, despite diligent attempts by Plaintiffs and Plaintiffs' counsel, the identity of JOHN DOE is currently unknown to Plaintiffs. The identity of JOHN DOE will be ascertained through discovery of this matter.

4.

Plaintiffs are residents of Conyers, Rockdale County, Georgia, and hereby subject themselves to the jurisdiction of this Court.

5.

Defendant TARGET CORPORATION is subject to the jurisdiction of this Court, as Defendant TARGET CORPORATION regularly transacts business within the state of Georgia, as Defendant TARGET CORPORATION owns and operates the above-referenced Target store located at 2195 GA-20, Conyers, Rockdale County, Georgia 30013, and as the incident giving rise to Plaintiffs' Complaint occurred at Defendant TARGET CORPORATION's Target store located at 2195 GA-20, Conyers, Rockdale County, Georgia 30013. Additionally, Defendant TARGET CORPORATION's registered office and registered agent in Georgia are located at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

6.

Venue is proper in Gwinnett County, Georgia, as Defendant TARGET CORPORATION is for purposes of Georgia law domiciled in and has its Registered Office located in Lawrenceville, Gwinnett County, Georgia.

7.

To the extent necessary, Plaintiffs plead that, prior to the expiration of the original statute of limitations in this action (which original statute was set to expire on March 31, 2022), the statute of limitations was tolled, by Order(s) of the Supreme Court of Georgia, which Supreme Court of

2

Georgia Order Declaring Judicial Emergency was dated March 14, 2020 (with an Amended Order dated March 15, 2020 applying retroactively). Additionally, the Supreme Court's Judicial Emergency Order was extended fifteen times. The Third Extension of that Order declared that all deadlines, statutes of limitations, and time periods that had been tolled since March 14, 2020 would remain tolled but would begin to run again on July 14, 2020. Stated another way, the Supreme Court of Georgia's Third Extension of its Statewide Judicial Emergency Order declared that all tolled deadlines (including statutes of limitations) would be reimposed on July 14, 2020. As the incident giving rise to Plaintiffs' Complaint occurred on March 31, 2020, the time period in which Plaintiff has to file this lawsuit and to serve Defendant with the same, was tolled for the period of March 31, 2020 until July 14, 2020 (105 days), by Order of the Supreme Court of Georgia dated March 14, 2020, as well as by the Court's Third Extension of that Order. According to that Third Extension Order and the explicit guidance provided by the Supreme Court referenced and incorporated into the Appendix of that Order (and into all of the Court's subsequent Extension Orders), Plaintiffs still have until, though, and including 105 days (one hundred five days, the length of the tolling period from March 31 to July 14, 2020 in this case) from the date the original statute of limitations was set to run in this matter (March 31, 2022) to timely file this lawsuit **(in other words, until, through, and including July 14, 2022)**. The Supreme Court of Georgia's Order(s) tolling the deadlines as described above, are available online at Supreme Court of Georgia (gasupreme.us). Each of those Orders is hereby adopted and incorporated by reference herein, as if stated verbatim. Finally, as shown above and on the face of the Complaint, even if no tolling whatsoever applied to this matter, the case has still been filed within the original statute of limitations (on or before March 31, 2022). Because of this and because of the respective statute of limitations tolling for several reasons, Plaintiffs show that this lawsuit is timely filed.

3

8.

On March 31, 2020, Defendant TARGET CORPORATION owned and operated a Target store located at 2195 GA-20, Conyers, Rockdale County, Georgia 30013.

9.

The above-referenced store (hereinafter referred to as "Defendant's Target store") was open to the general public on March 31, 2020.

10.

On March 31, 2020, Plaintiff DORIS MUNIZ was an invitee of Defendant TARGET CORPORATION while on Defendant TARGET CORPORATION's premises located at 2195 GA-20, Conyers, Rockdale County, Georgia 30013.

11.

While shopping in Defendant TARGET CORPORATION's store, Plaintiff DORIS MUNIZ was slammed into by a Target employee and/or agent (Defendant JOHN DOE) negligently and unsafely utilizing a cart/pallet/product transportation device while transacting his duties for Defendant TARGET CORPORATION in Defendant TARGET CORPORATION's above-referenced store on the above-referenced date.

12.

At all relevant times, Plaintiff DORIS MUNIZ exercised reasonable care for her own safety. However, despite her exercise of reasonable and due care, Plaintiff DORIS MUNIZ was injured by the negligence of the Defendants.

13.

At all relevant times, Defendant TARGET CORPORATION owed a duty of reasonable care to Plaintiff to keep its premises in a safe condition for business invitees such as Plaintiff

4

DORIS MUNIZ, as well as to ensure that its employees or agents (such as Defendant JOHN DOE) operate safely, keep a proper lookout for customers, and do not negligently operate carts while transacting their duties in the Defendant TARGET CORPORATION's store.

14.

At all relevant times, Defendant TARGET CORPORATION negligently failed to supervise and/or monitor the agent and/or employee involved in this incident, failed to make sure he transported store products in a safe manner, failed to monitor and make sure he was using the work cart at issue in a reasonable and safe manner, and failed to warn invitees, including Plaintiff DORIS MUNIZ, of the danger posed by the Target employee and/or agent's conduct.

15.

At all relevant times, Defendant TARGET CORPORATION had personnel in the area and therefore had constructive and/or actual knowledge of its employee's/agent's activities and could have prevented the injury to the Plaintiff.

16.

At all times relevant, Defendant TARGET CORPORATION's agent/employee (Defendant JOHN DOE) negligently failed to keep a proper lookout to make sure he didn't run anyone over with the pallet/cart/device he was operating and stacked the cart/pallet/device he was pushing too high with boxes and/or other items such that he couldn't see Plaintiff DORIS MUNIZ at the time he negligently ran into Plaintiff DORIS MUNOZ with the cart.

17.

At all times relevant, the individual who slammed into Plaintiff DORIS MUNIZ (Defendant JOHN DOE, Defendant TARGET CORPORATION's employee and/or agent) due to his negligent operation of the cart at issue was an employee and/or agent of Defendant TARGET

5

CORPORATION acting within the scope of his employment, acting at Defendant TARGET CORPORATION's direction.

18.

At all times relevant, Defendant TARGET CORPORATION and Defendant JOHN DOE failed to conduct its operations in the above-referenced Target store in a safe manner and failed to exercise ordinary care.

19.

At all times relevant, Defendant TARGET CORPORATION negligently hired, trained, retained, and/or supervised Defendant JOHN DOE, the employee/agent that ran into Plaintiff DORIS MUNIZ with the pallet/cart/device on March 31, 2020.

20.

Defendant TARGET CORPORATION is directly liable for its own above-described malfeasance, and it is vicariously liable for the negligent acts of its agent/employee, Defendant JOHN DOE.

21.

As a direct and proximate result of the negligent acts by Defendant TARGET CORPORATION and Defendant JOHN DOE, Plaintiff DORIS MUNIZ suffered serious and significant injuries and damages, including past and future medical expenses, past and future mental and physical pain and suffering, and disability.

22.

Plaintiff DORIS MUNIZ has incurred and will continue to incur medical expenses and special damages in an amount to be proven at trial as a direct result of her injuries negligently caused by Defendants, for which she is entitled to recover compensation from Defendants.

6

23.

Plaintiff DORIS MUNIZ has suffered and will continue to suffer past, present, and future mental and physical pain and suffering as a direct result of her injuries negligently caused by Defendants, for which she is entitled to recover general damages from the Defendants in an amount to be proven at trial.

24.

Plaintiff ANGEL MUNIZ also seeks damages for the loss of his spouse's services, companionship, and society, and for loss of consortium, all of which were proximately caused by Defendants' negligence as described herein, in an amount to be proven at trial.

WHEREFORE, Plaintiffs request that they be given the following relief:

a) That summons issue requiring Defendants to appear as provided by law to answer this Complaint;

b) That Plaintiff DORIS MUNIZ be awarded damages to compensate her for her physical, mental, and emotional pain and suffering (past, present and future) proximately caused by Defendants' above-described negligence, as determined by the enlightened conscience of a fair and impartial jury;

c) That Plaintiff DORIS MUNIZ be awarded damages to compensate her for her medical and other necessary expenses which were incurred, and which will be incurred in the future, as a proximate result of Defendants' above-described negligence, which amount shall be specifically proved at trial;

d) That Plaintiff ANGEL MUNIZ recover damages for the loss of his spouse's services, companionship, and society, and for loss of consortium, all of which were proximately

caused by Defendants' negligence as described herein, with said damages to be determined by the enlightened conscience of an impartial jury;

e)   That Plaintiffs be given the judgment of this Court;

f)   That Plaintiffs be given a trial by jury of twelve; and

g)   That the costs of this action be cast against Defendants.

Respectfully submitted this 31st day of March , 2022.

> BILL BUCHANAN, LLC
>
> BY:
>
> William A. Buchanan
> State Bar of Georgia No. 144226
> Attorney for Plaintiffs

Post Office Box 5581
Columbus, Georgia 31906
(706) 641-2455

8

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-01913-S2**
3/31/2022 8:31 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

DORIS MUNIZ & ANGEL MUNIZ,          *
                                    *
  Plaintiffs,                       *
                                    *           22-C-01913-S2
  v.                                *     Civil Action File No. _____
                                    *
TARGET CORPORATION;  and            *
JOHN DOE, whose true name is        *
currently unknown to Plaintiffs,    *
                                    *
                                    *
  Defendants.                       *

## PLAINTIFFS' FIRST CONTINUING INTERROGATORIES TO DEFENDANTS

COME NOW DORIS MUNIZ & ANGEL MUNIZ, named as the Plaintiffs in the above-referenced case, and require that Defendants answer under oath the following Interrogatories and that copy of the answers be furnished to Plaintiffs' attorneys, Bill Buchanan, LLC, within 30 days of the date said Interrogatories are served upon Defendants.

**NOTE A.** When used in these Interrogatories, the term "Defendants" or any synonym thereof is intended to and shall embrace and include, in addition to said Defendants, counsel for Defendants and all agents, servants, employees, representatives, private investigators and others who are in possession of or may have obtained information for or on behalf of the Defendants.

**NOTE B.** These Interrogatories shall be deemed continuing, and supplemental answers shall be required if Defendants, directly or indirectly, obtains further information of the nature sought herein between the time answers are served and the time of trial.

**NOTE C.** As used in these Interrogatories, "your store" means the TARGET CORPORATION store located at 2195 GA-20, Conyers, Rockdale County, Georgia 30013.

1.

State the name, address, telephone number, place of employment, position with Defendants,

1

age, and social security number of each person providing information to respond to these Interrogatories.

2.

State the name, age, address, present place of employment, job title, and telephone number of each person who:

(a)     Was an eyewitness to the event giving rise to this action;

(b)     Saw the Plaintiff DORIS MUNIZ within 24 hours of the occurrence of the event giving rise to this action;

(c)     Saw the Plaintiff DORIS MUNIZ within 10 minutes of the occurrence of the event giving rise to this action;

(d)     Was present at the scene of the event giving rise to this action at the time of Plaintiff Gary Gill's fall;

(e)     Came upon the scene of the event giving rise to this action within one hour after its occurrence;

(f)     Was working within 50 feet of the location of Plaintiff DORIS MUNIZ's injuries on May 25, 2017;

(g)     Overheard any conversation of any party or any agent or employee of any party to this action, wherein any explanation was given concerning the manner in which the event giving rise to this action occurred;

(h)     Has any knowledge or information regarding any relevant and material fact regarding any issue raised by Plaintiffs' Complaint.

3.

For each such person listed in response to Interrogatory No. 2, state:

(a)     The location of the person at the time of the observation of the events in question;

(b)     The facts known or claimed to be known by such person insofar as you know.

4.

Have you taken any written or recorded statement from any person in connection with this action? If so, state:

(a)     The name, age, address, telephone number and present place of employment of each such person;

(b)     The date on which such statement was taken;

(c)     The name, age, address, telephone number, and place of employment of the person taking the statement;

(d)     The gist of each such statement;

(e)     The name and address of the present custodian of each such statement;

(f)     If the statement was taken from the Plaintiffs, attach a copy to the Answers to these Interrogatories;

(g)     If you will do so without a Request for Production, attach a copy of all other statements to the Answers to these Interrogatories.

5.

Are you aware of any plats, drawings, diagrams, photographs, video recordings, or charts that have been in existence at any time and that show or depict any of the events giving rise to the claim asserted in this action, including but not limited to any such items that show or depict (or have at any time shown or depicted) Plaintiff DORIS MUNIZ, Plaintiff DORIS MUNIZ's injuries, or the area where Plaintiff DORIS MUNIZ was injured at any time starting 60 minutes before the incident in question on March 31, 2020 and ending 60 minutes after the incident in question? If so, provide the

3

following information with respect to each such plat, drawing, diagram, photograph, video recording, and chart:

(a)     A description of the plat, drawing, diagram, photograph, video recording, or chart and what it portrays;

(b)     The name, address, place of employment, and job title of the person who made the plat, drawing, diagram, photograph, video recording, or chart;

(c)     The name, address, place of employment, and job title of each custodian of each plat, drawing, diagram, photograph, video recording, or chart;

(d)     The date on which each such plat, drawing, diagram, photograph, video recording, or chart was made;

(e)     Whether such plat, drawing, diagram, photograph, video recording or chart is still in existence today and, if not, why such item was destroyed or disposed of, the date such item was destroyed or disposed of, and the names and job titles of the person(s) participating in the destruction or disposal of the item and/or the decision to destroy or dispose of the item.

6.

State separately every contention of any defense of the Defendants that you believe would defeat or reduce any recovery of damages by the Plaintiffs.  For each such contention, state:

(a)     The name, age, address, telephone number, and place of employment of each person known to you who knows any relevant fact that you believe supports such a contention;

(b)     A statement of the relevant facts known or claimed to be known by each such person insofar as you have knowledge.

7.

State whether you had insurance that affords protection for the liability to which you may be

4

exposed in this action.  If so, state:

    (a)     The name of the insurance company issuing such a policy of insurance;

    (b)     The inclusive dates of the term of such policy;

    (c)     The limits of liability of such policy;

    (d)     Whether you have received any communication from any such insurance company questioning or denying coverage, and if so, the gist of such communication.

8.

Has any incident report been prepared relating to the incident complained of in Plaintiffs' Complaint?  If so, state:

    (a)     The date of the report;

    (b)     The name of the person completing the report;

    (c)     The current location of the report;

    (d)     The name and address of the current custodian of the report.

9.

On the date of Plaintiff DORIS MUNIZ's injuries which are the subject of Plaintiffs' Complaint, did you have any policies, procedures (including standard operating procedures or SOP's), and/or guidelines relating in any way to the following:

(a) The prevention of incidents involving devices/items like the cart at issue in this case within your stores and/or the protection of your shoppers from hazardous and dangerous conditions while on your premises;

(b) The inspection of your stores' carts/pallets/product transportation devices

(c) The store's training policies for employees/agents using such carts/pallets/transportation devices;

5

(d)   The video recording of your stores and/or the individuals shopping, visiting, and/or working in your stores (including the location and placement of cameras making such recordings); and/or

(e)   The preservation and/or disposal of video recordings of falls or other incidents resulting in injuries in your stores.

If you had any policies, procedures (including standard operating procedures or SOP's), and/or guidelines relating in any way to the subject matter addressed in subparagraph (a), (b), (c), (d), or (e) of this Request, please describe those items in sufficient detail so that they can be identified in a Request for Production of Documents.

10.

Please state whether any employee of yours was reprimanded, disciplined, or coached in any way as a result of the Plaintiff DORIS MUNIZ's injuries suffered at your store. If so, please state the employee's name; the reason for the reprimand, disciplinary action and/or coaching; and a description of any and all documents created or prepared as a result of the conduct giving rise to the reprimand, disciplinary action and/or coaching.

11.

Please describe any and all writings of any kind relating in any way to Plaintiff DORIS MUNIZ's injuries sustained at your store, so that they are sufficiently identified to be requested in a Request for Production of Documents.

12.

Will you call any expert as a witness at the trial of this action?  If so, state:

(a)      The name, age, address, telephone number, and place of employment of the expert;

(b)      The field of expertise and the qualifications of the expert;

6

(c)      The facts and opinions to which each expert is expected to testify and a summary of the grounds for each opinion.

13.

Describe the device that TARGET CORPORATION's employee/agent (Defendant JOHN DOE) was using which impacted Plaintiff DORIS MUNIZ in the incident in question. Please also describe what Target's employee/agent was doing while pushing the aforesaid cart.

14.

Plaintiffs have also served you with a First Request for Admissions.

(a)      For each Request for Admissions which you have denied, please state the following:

(i) A summary of the facts supporting your denial;

(ii) The names, addresses, telephone numbers, and current places of employment of all persons having knowledge or information which would support your denial; and

(iii) A description of all documents and other items supporting your denial.

(b)      For each Request for Admissions which you have not admitted and not specifically denied, please state the following:

(i)      The detailed reasons why you cannot truthfully admit or deny the matter;

(ii)      A description of all inquiries made by you in an effort to obtain the information which is necessary to enable you to sufficiently admit or deny the matter; and

(iii)      A description of all documents and other items supporting your position that you cannot truthfully admit or deny the matter.

15.

Do you contend that the injuries which Plaintiffs contend they have suffered as a result of the incident giving rise to this lawsuit resulted from some source or cause other than the incident giving

7

rise to this lawsuit?  If your answer is yes, please state the following:

      (a)     The cause or source of Plaintiffs' injuries which you contend were not caused by this incident described in Plaintiffs' Complaint;

      (b)     The names, addresses, telephone numbers, and places of employment of all persons supporting your contention that these injuries were not caused by the fall described in Plaintiffs' Complaint;

      (c)     Identify each and every medical record and other document supporting your contentions.

16.

Please state the names, addresses and telephone numbers of each employee of yours who was working at the Conyers, Georgia store where Plaintiff DORIS MUNIZ was injured and further state the hours that the employees worked that day and their job duties on that day.

17.

On the day of the Plaintiff DORIS MUNIZ's injury that is the subject of this action, had you (or any agent or employee of yours) received any complaint or report from any source about any employees using carts/pallets to transport product around the store in an unsafe way?  Had you (or any agent or employee of yours) received any complaint or report from any source that the particular employee at issue (Defendant JOHN DOE) had been using such a cart/pallet/product transportation device improperly?  If so, please describe the nature of the complaint or report, when you received notice of such report, the name and address of the person providing the notice, and the form of such notice.

18.

Did you or any employee of yours create or prepare any log books, inspection reports,

8

checklists, or other documents or items of any kind evidencing the inspection of the cart/pallet/product

transportation device at issue?   If so, please describe all such documents and items that relate to any

and all such inspections that occurred on March 31, 2020.

19.

Please state in detail how you contend the subject incident took place and the order in which

the events took place.  Also, please include in this response a listing of each person, force of nature,

act of God, and/or circumstance you believe to have caused or contributed to causing the subject

incident and/or any of Plaintiff's injuries.

20.

Please describe all safety precautions or other affirmative steps you took on March 31,

2020 to (a) reasonably insure the safety of the area in and around the location of Plaintiff Gary

Gill's fall and (b) reasonably insure that customers and invitees such as Plaintiff Gary Gill would

not fall while in your store.

21.

Please identify each and every claim, lawsuit, complaint, or other documented incident

over the past five (5) years in which an individual alleged that Defendants caused or contributed

to personal injuries sustained as a result of a fall, slip, or trip at your store.

22.

Identify all persons who have investigated the event giving rise to this action or have

discussed that event on your behalf with your representatives, attorneys, or insurers.

23.

Do you have any system for categorizing the types of lawsuits and/or claims that are

asserted against you?  If so, please list the various categories you have used to identify and/or

categorize the types of lawsuits or claims that have been asserted as a result of incidents or alleged incidents that have occurred during the last five years at your store.

24.

Are there, or have there been at any time, any video recordings that show any portion of your store on March 31, 2020, including the location/area of the incident in question?  If so, please state:

(a)     Whether such video recording is still in existence today and, if not, why such item was destroyed or disposed of, the date such item was destroyed or disposed of, and the names and job titles of the person(s) participating in the destruction or disposal of the item and/or the decision to destroy or dispose of the item.

25.

Please state the name of the store manager on duty at the time Plaintiff DORIS MUNIZ was injured on March 31, 2020 at Defendant TARGET CORPORATION's store located at 2195 GA-20, Conyers, Rockdale County, Georgia 30013.

This 31st day of March, 2022.

BILL BUCHANAN, LLC

BY:

William A. Buchanan
Georgia Bar No. 144226
Attorney for Plaintiffs

Post Office Box 5581
Columbus, Georgia 31906
(706) 641-2455

10

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-01913-S2
3/31/2022 8:31 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of Gwinnett State Court _____ County

| For Clerk Use Only | 22-C-01913-S2 |
|---|---|
| Date Filed _____ <br> **MM-DD-YYYY** | Case Number _____ |

**Plaintiff(s)**
Muniz, Doris

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Muniz, Angel | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
Target Corporation

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Doe, John | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** William Alan Buchanan   **State Bar Number** 144226   **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number   _____ Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-01913-S2**
3/31/2022 8:31 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

DORIS MUNIZ & ANGEL MUNIZ,      *

  Plaintiffs,                  *

                          *            22-C-01913-S2

v.                           *    Civil Action File No. _____

                          *

TARGET CORPORATION;  and    *
JOHN DOE, whose true name is    *
currently unknown to Plaintiffs,    *

                          *

  Defendants.                 *

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

COME NOW the Plaintiffs in the above-captioned action, and pursuant to O.C.G.A. Section

9-11-34, hereby request Defendants to produce and permit Plaintiffs, or someone acting on Plaintiffs'

behalf, to inspect and copy the following designated documents, which constitute or contain matters

within the scope of discovery under the Georgia Civil Practice Act, and which are in the possession,

custody or control of the party upon whom these requests are served.

The production of documents and things hereinbelow designated shall be made at 10:00 A.M.

on the 30th day following service of this request in the law offices of Bill Buchanan, LLC, 1425

Wynnton Road, Columbus, Georgia 31906, or at such other time and place as may be agreed upon

between counsel prior to said 30th day.

As an alternative to producing the documents at the time, date and place above specified, you

may photostat true, correct, legible and genuine copies of such requested documents or other evidence

of writing and attach them to your formal response to the within request for production and serve

them upon the undersigned counsel within thirty (30) days from the date of service of these requests.

Should any document or thing herein requested come into existence or become known to you

or your attorney subsequent to your receipt of these requests or subsequent to the inspection of other

means of producing said documents or things hereinbelow requested, these requests shall be deemed to be continuing in nature.

**NOTE:**   As used in these Requests for Production, "your store" means the TARGET CORPORATION store located at 2195 GA-20, Conyers, Rockdale County, Georgia 30013.

<u>Request No. 1</u>.

Any and all statements identified by you in response to Plaintiffs' First Interrogatories to Defendants, number 4.

<u>Request No. 2</u>

Any and all plats, drawings, diagrams, photographs, video recordings, and charts identified by you in response to Plaintiffs' First Interrogatories to Defendants, number 5.

<u>Request No. 3</u>

A certified copy of any and all insurance policies, including declaration pages, identified by you in response to Plaintiffs' First Interrogatories to Defendants, number 7.

<u>Request No. 4</u>

A copy of the incident report identified by you in response to Plaintiffs' First Interrogatories to Defendants, number 8.

<u>Request No. 5</u>

A copy of any and all policies, procedures (including standard operating procedures or SOP's), and guidelines identified by you in response to Plaintiffs' First Interrogatories to Defendants, number 9.

<u>Request No. 6</u>

A copy of any and all documents identified by you in response to Plaintiffs' First Interrogatories to Defendants, number 10.

2

<u>Request No. 7</u>

A copy of the writings identified by you in response to Plaintiffs' First Interrogatories to Defendants, number 11.

<u>Request No. 8</u>

For each expert identified by you in response to Plaintiffs' First Interrogatories to Defendants, number 12:

      (a) A copy of any and all reports prepared by such expert; and

      (b) A copy of any and all documents and other items relied upon by such expert in

          formulating his or her opinions in this case.

<u>Request No. 9</u>

A copy of any and all documents and other items identified by you in response to Plaintiffs' First Interrogatories to Defendants, number 14.

<u>Request No. 10</u>

A copy of any and all medical records and other documents identified by you in response to Plaintiffs' First Interrogatories to Defendants, number 15.

<u>Request No. 11</u>

A copy of any and all documents and other items relating to the complaints and reports identified by you in response to Plaintiffs' First Interrogatories to Defendants, number 17.

<u>Request No. 12</u>

A copy of any and all documents and other items identified by you in response to Plaintiffs' First Interrogatories to Defendants, number 18.

## Request No. 13

A copy of any and all documents and other items supporting your response to Plaintiffs' First Interrogatories to Defendants, number 19.

## Request No. 14

A copy of any and all documents and other items supporting your response to Plaintiffs' First Interrogatories to Defendants, number 20.

## Request No. 15

A copy of any and all claims forms, accident reports, incident reports or other documentation by any other name evidencing any other incidents over the past five (5) years in which an individual alleged that you, your employees and/or agents caused or contributed to personal injuries at your store.

## Request No. 16

A copy of any and all claims forms, accident reports, incident reports or other documentation by any other name created or prepared by you or on your behalf with respect to the event giving rise to this action, including but not limited to any and all documents submitted to or prepared by any of your insurers, claims representatives, or others investigating this event on your behalf.

## Request No. 17

A copy of any and all documents or other information sent to or received from or through any of your insurers or claims representatives concerning the event giving rise to this action, including but not limited to documents in the possession of your liability insurer. This request is to include any and all documents sent by you or sent on your behalf by someone other than yourself.

<u>Request No. 18</u>

A copy of your employee and management handbooks (by whatever name known or called) or other similar documents in effect as of (a) March 31, 2020; and (b) now.

<u>Request No. 19</u>

A true and accurate exemplar of the areas of your store that were visible by surveillance cameras on March 31, 2020.

<u>Request No. 20</u>

A copy of any and all video recordings identified in, and/or documents or other items supporting your response to, Plaintiffs' First Interrogatories to Defendants, number 24.

This 31st day of March, 2022.

BILL BUCHANAN, LLC

BY: _____
William A. Buchanan
Georgia Bar No. 144226
Attorney for Plaintiffs

Post Office Box 5581
Columbus, Georgia 31906
(706) 641-2455

5

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-01913-S2**
3/31/2022 8:31 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

DORIS MUNIZ & ANGEL MUNIZ,          *
                                    *
  Plaintiffs,                       *
                                    *          22-C-01913-S2
v.                                   *     Civil Action File No. _____
                                    *
TARGET CORPORATION;  and             *
JOHN DOE, whose true name is         *
currently unknown to Plaintiffs,     *
                                    *
  Defendants.                       *

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS

TO:  TARGET CORPORATION

    You are herewith served with Plaintiffs' First Request for Admissions pursuant to O.C.G.A. Section 9-11-36.  You are requested to admit the following numbered statements.  Each statement will be deemed admitted unless, within 30 days after service of these Requests for Admissions upon you, you serve upon William A. Buchanan, Bill Buchanan, LLC, Post Office Box 5581, Columbus, Georgia 31906, a written answer or objection addressed to the statement, signed by you or your attorney.  If objection is made, the reasons therefor shall be stated.  If you cannot specifically admit or deny the statement, you are required to set forth in detail the reasons why you cannot truthfully admit or deny the statement.

    PLEASE ADMIT THAT:

1.

You are subject to the jurisdiction of this Court.

2.

You have no defense relating in any way to service of process or insufficiency of process.

1

3.

Plaintiff's claims set forth in her Complaint are not barred by the applicable statute of limitations.

4.

Venue is proper in this Court.

5.

On March 31, 2020, you owned and operated a TARGET CORPORATION store located at 2195 GA-20, Conyers, Rockdale County, Georgia 30013 (hereinafter referred to as "your facility").

6.

On March 31, 2020,  Plaintiff DORIS MUNIZ was injured by a Target employee while she was at your facility.

7.

Plaintiff DORIS MUNIZ was injured at your facility on March 31, 2020 when she was run into by a Target employee negligently pushing a cart.

8.

The individual who ran into Plaintiff DORIS MUNIZ with the above-described cart was a Target employee/agent.

9.

The individual who ran into Plaintiff DORIS MUNIZ with the above-described cart was a Target employee acting within the scope of his employment at the time of the aforesaid incident described in Plaintiffs' Complaint.

10.

You enabled the individual who ran into and injured Plaintiff DORIS MUNIZ to come into

2

possession of the cart/pallet/device that came into contact with Plaintiff DORIS MUNIZ.

11.

Plaintiff DORIS MUNIZ was not contributorily negligent in any way regarding the injuries she suffered at Target on March 31, 2020.

This 31st day of March , 2022.

BILL BUCHANAN, LLC

BY: _____
William A. Buchanan
Georgia Bar No. 144226
Attorney for Plaintiff

Post Office Box 5581
Columbus, Georgia 31906
(706) 641-2455

3